IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CITY OF PALMDALE, a charter city, | ) ) ) | 2:11-cv-01808-GEB-GGH |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER TO SHOW CAUSE RE: <u>FEDERAL SUBJECT MATTER</u> <u>JURISDICTION</u> |
| CALIFORNIA HIGH-SPEED RAIL AUTHORITY, a public agency; ROELOF VAN ARK, Chief Executive Officer; and DOES 1-10, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff has filed a motion for a preliminary injunction in which it argues that Defendants should be prohibited "from continuing to improperly and illegally use state and/or federal funds to conduct a study of an alignment for the California High-Speed Rail Project." (Pl.'s Mot. for Prelim. Inj. 1:2-5.) However, Plaintiff has not stated the basis of federal court subject matter jurisdiction over this case.

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986).

> The Court's first consideration in reviewing any action is whether it has subject matter jurisdiction over the action. A federal court is a court of limited [] jurisdiction which is authorized by the Constitution or Congress to hear only certain types of actions. . . .

1

> It is a plaintiff's responsibility in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction. Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint must contain a short and plain statement of the grounds for the court's jurisdiction.

Welch v. Holder, No. 09-0534-WS-C, 2009 WL 4898357, at *3 (S.D. Ala. Dec. 14, 2009) (internal citations, quotation marks, and brackets omitted). While Plaintiff has cited federal statutes in its complaint, Plaintiff has not shown on what basis the cited statutes provide a "ground[] for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

Specifically, Plaintiff alleges in paragraph one of its complaint that it "brings this complaint for declaratory and injunctive relief against Defendants for their misappropriation of federal monies specifically earmarked under the American Recovery and Reinvestment Act pursuant to a grant issued by the Federal Railroad Administration in 2010[.]" (Compl. ¶ 1.) Further, the second paragraph of the complaint contains the following conclusory allegations: "This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 2201 (authorizing declaratory relief) and 2202 (authorizing injunctive relief)." Id. ¶ 2.

28 U.S.C. § 1331 confers subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Nothing in the complaint indicates this case concerns the Constitution or a treaty of the United States. Moreover, notwithstanding Plaintiff's contrary indication, § 1331 alone does not confer subject matter jurisdiction, since it is a "general federal-question jurisdiction statute [which] is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court." Williams v. United Airlines, Inc., 500 F.3d

2

1019, 1022 (9th Cir. 2007). Therefore, Plaintiff's conclusory statement that jurisdiction is based on § 1331 is insufficient.

Further, Plaintiff's citation to 28 U.S.C. §§ 2201 and 2202 does not establish subject matter jurisdiction, since "the Declaratory Judgment Act[, codified at 28 U.S.C. §§ 2201 and 2202,] does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established." City of Colton v. Am. Promotional Events, Inc., 614 F.3d 998, 1006 (9th Cir. 2010) (internal quotation marks omitted).

The court raises the issue of subject matter jurisdiction sua sponte, since "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The existence of subject matter jurisdiction goes to the very power of the district court to issue . . . rulings" on the now pending injunction motion, since "the district court's order . . . would be meaningless if the district court was without jurisdiction over that [matter] in the first instance." Merritt v. Shuttle, Inc., 187 F.3d 263, 269 (2d Cir. 1999). Therefore, failure to determine whether subject matter jurisdiction exists before briefing on the matter and decision could "waste[] the court's time[,]" and that of the parties if the district court is without subject matter jurisdiction. Int'l Union of Operating Eng'rs v. Cnty. Of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009) (reversing and remanding district court's judgment since Ninth Circuit determined the district court lacked subject matter jurisdiction over the case).

Therefore, Plaintiff shall explain the basis of subject matter jurisdiction in a filing due on or before August 12, 2011; any response to this filing shall be filed on or before August 22, 2011. A hearing on the subject matter jurisdiction issue is scheduled to commence at 10:00 a.m. on August 29, 2011.

Further, in light of the briefing schedule regarding the subject matter jurisdiction issue, the hearing on Plaintiff's motion for a preliminary injunction currently scheduled for 9:00 a.m. on August 22, 2011, is rescheduled to commence at 10:00 a.m. on October 3, 2011. Defendants shall file an opposition or statement of non-opposition to the preliminary injunction motion on or before September 12, 2011. Plaintiff may file a reply on or before September 19, 2011.

Dated: August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge