IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| CITY OF PALMDALE, a charter city, | ) ) ) | 2:11-cv-01808-GEB-GGH |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) |  |
| CALIFORNIA HIGH-SPEED RAIL AUTHORITY, a public agency; ROELOF VAN ARK, Chief Executive Officer; and DOES 1-10, inclusive, | ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

Subject matter jurisdiction in this case was raised sua sponte in a show cause order filed on August 3, 2011, which states, in pertinent part:

> Plaintiff has filed a motion for a preliminary injunction in which it argues that Defendants should be prohibited "from continuing to improperly and illegally use state and/or federal funds to conduct a study of an alignment for the California High-Speed Rail Project." (Pl.'s Mot. for Prelim. Inj. 1:2-5.) However, Plaintiff has not stated the basis of federal court subject matter jurisdiction over this case.
>
> "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). . . . While Plaintiff has cited federal statutes in its complaint, Plaintiff has not shown on what basis the cited statutes provide a "ground[] for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

1

Specifically, Plaintiff alleges in paragraph one of its complaint that it "brings this complaint for declaratory and injunctive relief against Defendants for their misappropriation of federal monies specifically earmarked under the American Recovery and Reinvestment Act pursuant to a grant issued by the Federal Railroad Administration in 2010[.]" (Compl. ¶ 1.) Further, the second paragraph of the complaint contains the following conclusory allegations: "This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 2201 (authorizing declaratory relief) and 2202 (authorizing injunctive relief)." Id. ¶ 2.

28 U.S.C. § 1331 confers subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Nothing in the complaint indicates this case concerns the Constitution or a treaty of the United States. Moreover, notwithstanding Plaintiff's contrary indication, § 1331 alone does not confer subject matter jurisdiction, since it is a "general federal-question jurisdiction statute [which] is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court." Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007). Therefore, Plaintiff's conclusory statement that jurisdiction is based on § 1331 is insufficient.

Further, Plaintiff's citation to 28 U.S.C. §§ 2201 and 2202 does not establish subject matter jurisdiction, since "the Declaratory Judgment Act[, codified at 28 U.S.C. §§ 2201 and 2202,] does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established." City of Colton v. Am. Promotional Events, Inc., 614 F.3d 998, 1006 (9th Cir. 2010) (internal quotation marks omitted).

The court raises the issue of subject matter jurisdiction sua sponte, since "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The existence of subject matter jurisdiction goes to the very power of the district court to issue . . . rulings" on the now pending injunction motion, since "the district court's order . . . would be

> meaningless if the district court was without jurisdiction over that [matter] in the first instance." Merritt v. Shuttle, Inc., 187 F.3d 263, 269 (2d Cir. 1999). Therefore, failure to determine whether subject matter jurisdiction exists before briefing on the matter and decision could "waste[] the court's time[,]" and that of the parties if the district court is without subject matter jurisdiction. Int'l Union of Operating Eng'rs v. Cnty. Of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009) (reversing and remanding district court's judgment since Ninth Circuit determined the district court lacked subject matter jurisdiction over the case).
>
> Therefore, Plaintiff shall explain the basis of subject matter jurisdiction in a filing due on or before August 12, 2011; any response to this filing shall be filed on or before August 22, 2011.

(Order to Show Cause Re: Federal Subject Matter Jurisdiction 1:16-4:3.) Responsive briefs have been filed, and the matter was argued on August 29, 2011.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is the burden of plaintiffs to persuade the federal courts that subject matter jurisdiction does exist." Hexom v. Oregon Dept. of Transp., 177 F.3d 1134, 1135 (9th Cir. 1999). "It is firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so . . . implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Id. (quoting Oneida Indian Nation of N.Y. v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)).

1   Plaintiff's Complaint is comprised of two claims: a claim
2 alleging "Misuse of Federal Grant Funds," and a claim alleging misuse of
3 state bond funds. Plaintiff alleges federal question jurisdiction is
4 premised on their Misuse of Federal Grant Funds claim since Defendants
5 are breaching the terms of a Grant Agreement into which Defendants
6 entered with the federal government. Plaintiffs' claims concern a high-
7 speed rail project in California. Plaintiffs' Complaint includes the
8 allegation:

> All Californians, including the citizens of Palmdale, a city designated as a station stop hub between two Approved Segments along the Preferred Alignment of the [High-Speed Rail] project, are intended beneficiaries of the Federal Amended Grant awarding federal funding to the [Defendant High-Speed Rail] Authority for Phase 1 of the [High-Speed Rail] project.

(Compl. ¶ 54.) The Grant Agreement is attached to Plaintiff's Complaint.

Plaintiff argues in its response to the show cause order that subject matter jurisdiction exists over its Misuse of Federal Grant Funds claim because that claim is a federal question under 28 U.S.C. § 1331, since the Grant Agreement is a government contract, and "[f]ederal law governs the interpretation of contracts entered into pursuant to federal law and to which the government is a party." (Pl.'s Resp. to Order to Show Cause 4:6-8.) Plaintiff further argues:

> [Plaintiff's] right to relief necessarily depends on resolution of [whether it is] an intended third party beneficiary [of the Grant Agreement] under federal law. Under the federal common law of contracts, a third party may recover under a contract if it can show that the contract was made for its direct benefit such that it is an intended beneficiary of the contract.

Id. 5:1-6.

Defendants counter the court is without subject matter jurisdiction over Plaintiff's Misuse of Federal Grant Funds claim,

4

arguing: "Plaintiff's allegation that it is an intended beneficiary of the Grant Agreement is clearly an unsupported, conclusory assertion of law" that "is irreconcilable" with the language of the Grant Agreement. (Defs.' Opp'n 9:18-19, 21.) Moreover, Defendants dispute Plaintiff's argument that federal law applies to Plaintiff's Misuse of Federal Grant Funds claim, contending "[b]ecause the City has failed to demonstrate 'a significant conflict . . . between an identifiable federal policy or interest and the operation of state law,' this Court lacks federal subject matter jurisdiction." Id. 12:20-23 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 693 (2006)). The merits of the argument concerning whether state or federal law applies to the claim need not be decided, however, since even assuming, *arguendo*, Plaintiff's assertion that federal common law applies to the Misuse of Federal Grant Funds claim, the Court must dismiss this claim for lack of subject matter jurisdiction.

Under the federal common law of contracts, "before a third party can recover under a contract, it must show that the contract was made for its direct benefit—that it is an intended beneficiary of the contract." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999).

Plaintiff argued at the hearing on the subject matter jurisdiction motion that subject matter jurisdiction exists since the government is a party to the Grant Agreement and Plaintiff, as a designated stop along the proposed route for the high speed train, is a third-party beneficiary of the Grant Agreement under federal common law. However, Plaintiff's designation as a train stop does not establish that it is third-party beneficiary, since:

> [p]arties that benefit from a government contract are generally assumed to be incidental

|    |    |
|----|----|
| 1  | beneficiaries, rather than intended ones, and so |
| 2  | may not enforce the contract absent a clear intent to the contrary. This clear intent hurdle is not |
| 3  | satisfied by a contract's recitation of interested constituencies[;] . . . explicit reference to a |
| 4  | third party[;] or even a showing that the contract operates to the [third parties'] benefit and was |
|    | entered into with [them] in mind. |

Cnty. of Santa Clara v. Astra USA, Inc., 588 F.3d, 1237, 1244 (9th Cir. 2009) (rev'd on other grounds, 131 S. Ct. 1342) (internal citations and quotation marks omitted). Instead, third-party beneficiary status is established under federal law only if the "precise language of [a] contract [shows] a clear intent to rebut the presumption that the [third parties] are merely incidental beneficiaries." Id. Plaintiff has not cited to any such language in the Grant Agreement.

Moreover, "[t]o sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." Klamath, 204 F.3d at 1211. However, the following provision of the Grant Agreement evinces that Defendants and the federal government did not intend to confer third-party beneficiary status on Plaintiff: "Absent FRA's [i.e. the federal government] express written consent . . . FRA shall not be subject to any obligations or liabilities to third party contractors or third party subcontractors or any other person not a party to this Agreement in connection with the performance of the Project." (Compl. Ex. F, at 91 (emphasis added).) Plaintiff conceded during oral argument that the allegations in its Misuse of Federal Grant Funds claim are clearly in connection with the performance of the Project, but argued the provision does not negate Plaintiff's position that the Grant Agreement reflects their implied intention to make Plaintiff a third-party beneficiary of the Grant Agreement. The

1 | language in this provision clearly does not support Plaintiff's
2 | argument.
3 |     For the stated reasons, Plaintiff's Misuse of Federal Grant
4 | Funds claim is "so . . . implausible, foreclosed by prior decisions of
5 | this Court, [and] otherwise completely devoid of merit as not to involve
6 | a federal controversy." Steel Co., 523 U.S. at 89. Therefore,
7 | Plaintiff's Misuse of Federal Grant Funds claim is dismissed for lack of
8 | jurisdiction. Since that claim is dismissed for lack of jurisdiction,
9 | Plaintiff's state claim for misuse of state bond funds also is dismissed
10 | for lack of jurisdiction.
11 |     This action shall be closed.
12 | Dated: September 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge